IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRAZIER CROCKETT,  )
           )
    Petitioner,  )
           )
    v.  )  No. 03 C 4105
           )
ALAN UCHTMAN,  )
           )
    Respondent.  )

**MEMORANDUM OPINION AND ORDER**

Following a jury trial in the Circuit Court of Cook County, Illinois, Frazier Crockett was found guilty of two counts each of first degree murder and armed robbery. He was sentenced to natural life without parole on the murder charges and 30 years' incarceration for the armed robbery charges. On direct appeal, the Illinois Appellate Court initially remanded the case so that the trial court could make further findings regarding an African-American woman being excluded from the jury. See People v. Crockett, 314 Ill. App. 3d 389, 731 N.E.2d 823 (1st Dist. 2000) ("Crockett I"). The Illinois Supreme Court denied leave to appeal. People v. Crockett, 191 Ill. 2d 540, 738 N.E.2d 930 (2000). On remand, the trial court found that the venireperson was not excluded based on her race and the Illinois Appellate

Court thereafter affirmed Crockett's conviction and sentence and the Illinois Supreme Court again denied leave to appeal. People v. Crockett, 336 Ill. App. 3d 1045, 841 N.E.2d 541 (1st Dist. 2002) (unpublished) ("Crockett II"),[1] appeal denied, 203 Ill. 2d 553, 788 N.E.2d 730 (2003).

Thereafter, Crockett timely filed his federal habeas corpus petition.[2] Petitioner raises essentially the same three issues that he raised in the Illinois courts. First, petitioner contends Crockett I erred by remanding the case for further findings regarding the one venireperson. Petitioner contends the Appellate Court should have vacated his conviction and remanded the case for a new trial. Second, petitioner contends there was constitutional error when the court received a question from the jury, but failed to inform him. Third, petitioner contends constitutional error was committed when, on direct examination, the prosecution elicited testimony about prior consistent statements that the witness had made to police officers.

Petitioner initially filed a pro se petition raising these issues. Counsel was subsequently appointed to represent petitioner. Counsel filed an amended petition that amplifies on

---

[1] A copy of the unpublished opinion is attached to the habeas corpus petition.

[2] While this case was pending, the warden where petitioner is incarcerated has changed. Alan Uchtman will be substituted for Eugene McAdory as the respondent in this case.

the Second Ground. As to the First and Third Grounds, the amended petition simply incorporates the original pro se petition.

The First Ground raises an aspect of the Batson claim that Crockett raised in Crockett I. See Batson v. Kentucky, 476 U.S. 79 (1986). At trial, the prosecution used three peremptory strikes to exclude African-American women from the jury. Resolution of a Batson claim requires a three-step inquiry.

> First, the trial court must determine whether the defendant has made a prima facie showing that the prosecutor exercised a peremptory challenge on the basis of race. 476 U.S., at 96-97. Second, if the showing is made, the burden shifts to the prosecutor to present a race-neutral explanation for striking the juror in question. Id., at 97-98. Although the prosecutor must present a comprehensible reason, "[t]he second step of this process does not demand an explanation that is persuasive, or even plausible;" so long as the reason is not inherently discriminatory, it suffices. Purkett v. Elem, 514 U.S. 765, 767-768 (1995) (per curiam). Third, the court must then determine whether the defendant has carried his burden of proving purposeful discrimination. Batson, supra, at 98; Miller-El v. Dretke, 545 U.S. ___, ___, 125 S. Ct. 2317, 2331-2332 (2005). This final step involves evaluating "the persuasiveness of the justification" proffered by the prosecutor, but "the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike." Purkett, supra, at 768.

Rice v. Collins, 126 S. Ct. 969, 973-74 (2006).

During jury selection, Crockett contended all three jurors were excluded based on their race. The trial court found that Crockett made out a prima facie case as to all three, but also found that he could not sustain his burden of showing that the actual reason for the exclusion of any of them was her race. As to two of the women, the Illinois Appellate Court upheld the trial court's finding. See Crockett I, 731 N.E.2d at 831-34. As to venireperson Edwards, the Illinois Appellate Court held that, at step two, the trial court improperly asserted its own nondiscriminatory reasons for her exclusion instead of requiring that the prosecution satisfy its burden of production by setting forth nondiscriminatory reasons for striking Edwards. Although the trial court then proceeded to step three and found that it was not shown that Edwards had been excluded based on her race, the Illinois Appellate Court held that the step two error required a remand at which the prosecution would have to first proffer race-neutral reasons and then the trial court would again make the step-three determination. Crockett I, 731 N.E.2d at 829-31. On remand, the prosecution asserted the same race-neutral reasons that had previously been raised by the court and the trial court again found that Crockett was unable to show that the striking of Edwards had been because of her race. In Crockett II, the Illinois Appellate Court affirmed that decision.

In his habeas petition, Crockett contends that the prosecution's failure to proffer race-neutral reasons at step two required that his conviction be vacated for a new trial. He contends it was improper to permit a second inquiry on remand. Such a remand, however, is a permissible procedure. See Batson, 476 U.S. at 100; Johnson v. California, 545 U.S. 162, ___, 125 S. Ct. 2410, 2417 (2005); Hardcastle v. Horn, 368 F.3d 246, 260-61 (3d Cir. 2004), cert. denied, 543 U.S. 1081 (2005). The First Ground does not state a basis for granting relief.

In his Third Ground for relief, petitioner contends he was denied his right to a fair trial when, over objection, the prosecution elicited testimony from a witness, Porsha Jenkins, regarding statements she had made to the police. The Illinois Appellate Court found that the testimony was that Jenkins's statements to the police were consistent with her testimony at trial. The Appellate Court held that soliciting such testimony was improper on direct examination because defendant had not yet presented any evidence to support that Jenkins had fabricated her testimony for trial, which is a ground for reception of such evidence. Crockett, however, did elicit testimony to that effect when cross examining Jenkins. The Appellate Court held that the error was harmless since the testimony would have been admissible after the cross-examination of Jenkins. Crockett I, 731 N.E.2d at 836-38.

State evidentiary rulings do not, by themselves, provide a basis for granting federal habeas corpus relief. The claimed evidentiary error must implicate a federal constitutional right in order to be a basis for habeas corpus relief. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Perruquet v. Briley, 390 F.3d 505, 511-12 (7th Cir. 2004). Admitting evidence of a prior out-of-court statement does not implicate a constitutional right when the person who made the prior statement is testifying at trial. California v. Green, 399 U.S. 149 (1970); Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004); Williams v. Uchtman, 2006 WL 931704 *4-5 (N.D. Ill. April 5, 2006). Since Jenkins testified at trial, admission of her testimony about prior statements she made to the police did not violate the Constitution. The Third Ground does not state a basis for granting relief.

Still to be considered is petitioner's Second Ground for relief. The Illinois Appellate Court described the basic facts as follows.

> During deliberations, the jury sent three notes to the judge. With respect to the first two notes, the sheriff at the direction of the judge contacted defense counsel at a restaurant by cellular telephone and the court conferred with defense counsel regarding each response. The jury later sent the judge a third note requesting a definition of the word "abet." During the hearing on defendant's motion for a new trial the judge stated that he instructed his sheriff to notify the parties. However, the jury returned a verdict without obtaining any response from the judge, and the attorneys for the defendant were

> never notified of the existence of the note,
> either before or after the return of the verdict.
> While the State apparently knew of the existence
> of the note, the court never informed defense
> counsel of its existence, other than by placing
> the note in the court file, and the judge never
> gave the jury a response. A while later, the
> court contacted defense counsel to inform them
> that a verdict had been returned. Defense
> counsel first became aware of the note pursuant
> to their exploration of the record sometime after
> judgement was entered on the verdict.

Crockett I, 731 N.E.2d at 829.

The charge against Crockett was based on accountability. There was no dispute that a friend of Crockett had shot the two murder victims after the victims had been robbed. At trial, Crockett testified that he was present when the shootings occurred, but that he was only an observer. He did not dispute that he had given a confession in which he admitted that he had participated in the robbery, had briefly held the gun on the victims, and had suggested to his friend that the victims should be shot for denying they had money. At trial, Crockett testified that he had made those admissions falsely because he was frightened of the friend who had shot the victims. At trial, Crockett also admitted that he had accepted hush money to keep quiet about the shootings. Thus, the instruction defining accountability was an important issue. No copy of that instruction has been provided, but it included other

possibilities besides "abet."³  See Crockett I, 731 N.E.2d at 835.  Nevertheless, the Illinois Appellate Court concluded that the jury's understanding of "abet" could have affected the outcome of the trial.  See id.

Crockett's trial counsel found the jury note in time to raise an issue in his post-trial motion.  The motion was supported by affidavits from three jurors.  The affidavits provided varying estimates of the time between the note asking about abet and the jury reaching a verdict.  One juror states 15 minutes, another 30 minutes, and another one hour.  No evidence was presented conclusively establishing why Crockett's counsel was not informed about the note.

The Illinois Appellate Court held that the jury's question was the type for which a further instruction would be required.  Crockett I, 731 N.E.2d at 834-35.  It further held, however, that it is not error to fail to respond to such a question if, due to no fault on the part of the court, the jury reaches a verdict before a response can be provided.

---

³Both now and at the time of Crockett's trial, the pattern jury instruction for accountability was "A person is legally responsible for the conduct of another person when, either before or during the commission of an offense, and with the intent to promote or facilitate the commission of [ (an) (the) ] offense, he knowingly solicits, aids, abets, agrees to aid, or attempts to aid the other person in the planning or commission of [ (an) (the) ] offense."  Ill. Pattern Jury Instr. Crim. 5.03 (3d ed. 1992); Ill. Pattern Jury Instr. Crim. 5.03 (4th ed. 2000).

Id. at 835-36.  The court held that Crockett had failed to meet his burden of showing fault on the part of the court.

> While the record indicates the court did not contact the defendant's attorneys before the verdict was returned to apprise them of the jury's question, the record is unclear as to the requisite facts and circumstances that would have to be ascertained to establish why such contact was not made.  The record is unclear as to how much time elapsed between the receipt of the jury's inquiry and the return of the verdict.  Nor does the record show, aside from the judge's statement that he directed his sheriff to call, what if any attempts were made by the sheriff to contact counsel, what means were utilized to contact counsel and why such attempts failed.  These are all factors which must be considered in determining whether reversible error was committed.
>
> * * *
>
> Defendant argues that we do have a record of the lapse of time based on the affidavits of the jurors, however, each of the three affidavits gives a different time interval.  While one says an hour elapsed between the sending of the third note and the verdict, another states that 30 minutes to an hour elapsed, and the third states that 15 minutes passed.  Moreover, aside from these affidavits of three jurors, there is no record of any additional investigation undertaken by counsel as to parties who may have had knowledge including the sheriff, opposing counsel or possibly the court reporter.  Accordingly, we cannot find here that the court's failure to inform counsel of the note prior to verdict was unreasonable, nor as previously discussed could the trial court have responded to the jury without counsel being notified.

Id. at 835, 836.

The Illinois Appellate Court held that it was error to fail to inform defendant about the jury question after the jury

had sent the subsequent note that it had reached a verdict. "Such information, even after a verdict can be significant in that among other things it enables the defendant's attorney to investigate and make a record regarding the time and other circumstances that would be helpful in clarifying why defendant's counsel was not notified of the note prior to the verdict." Id. at 836. The Illinois Appellate Court recognized that the requirement to inform a defendant that a note has been received from the jury arises from the defendant's "constitutional right to be present at and to participate in a critical stage of the trial." Id. at 835 (quoting People v. Harris, 294 Ill. App. 3d 561, 691 N.E.2d 80, 85 (1st Dist. 1998) (citing People v. McDonald, 168 Ill. 2d 420, 660 N.E.2d 832, 849 (1995), cert. denied, 518 U.S. 1024 (1996) (citing inter alia U.S. Const., Amend. VI))). The error, however, was held to be harmless because the note was discovered within the 30-day period for bringing a post-trial motion and defendant had ample time and opportunity to investigate before a hearing was held several months thereafter. Crockett I, 731 N.E.2d at 836.

It does not violate a criminal defendant's constitutional right to a fair trial when a deliberating jury asks a question, but reaches a verdict before a response reasonably can be provided. There is no requirement that, despite the jury having already reached a verdict, a response be provided and the jury be

required to deliberate further in light of the response. See
United States v. Rodriguez, 765 F.2d 1546, 1554 (11th Cir. 1985);
United States v. Barnes, 586 F.2d 1052, 1060 (5th Cir. 1978);
United States v. Spagnolo, 546 F.2d 1117, 1119-20 (4th Cir.
1976), cert. denied, 433 U.S. 909 (1977); Jordon v. Bondy,
72 App. D.C. 360, 114 F.2d 599, 605 (1940); United States v.
Zambrana, 2005 WL 1799525 *10 (N.D. Ind. July 26, 2005);
United States v. Giovanelli, 1989 WL 135874 *3-4 (S.D.N.Y.
Nov. 8, 1989); United States v. Lanni, 335 F. Supp. 1060,
1083-86 (E.D. Pa. 1971), aff'd, 466 F.2d 1102 (3d Cir. 1972);
Alexander v. State, 778 So. 2d 1017, 1021 (Fla. App. 2000),
review denied, 791 So. 2d 1094 (Fla. 2001); State v. Bey, 129
N.J. 557, 610 A.2d 814, 839-40 (1992), cert. denied, 513 U.S.
1164 (1995); Commonwealth v. Milliner, 442 Pa. 537, 276 A.2d 520,
540-41 (1971). As the Illinois Appellate Court held, Crockett
could only show error if there was an unreasonable delay in
attempting to respond to the jury's query. Crockett I,
731 N.E.2d at 835-36. Crockett did not make such a showing and
does not contend otherwise in his federal habeas corpus petition.

Crockett, however, contends that his situation is
distinguishable because none of the cited cases involve
situations like his in which the defendant was not informed that
a communication had been received from the jury. The cited cases
all involve situations where no response was provided to the jury

- 11 -

communication prior to the verdict because an appropriate response was still being considered, a transcript was being prepared, or the judge had not yet returned to the courthouse to discuss the jury communication with the parties. That could be an important distinction because failing to inform the defendant about a communication from the jury would itself be an error. United States v. Barragan-Devis, 133 F.3d 1287, 1289 (9th Cir. 1998). If a constitutional error occurred, then deeming the error to be harmless would have required that the Illinois Appellate Court comply with Chapman v. California, 386 U.S. 18 (1967). Barragan-Devis, 133 F.3d at 1289. See generally Washington v. Recuenco, 126 S. Ct. 2546, 2551 (2006); Aleman v. Sternes, 320 F.3d 687, 689 (7th Cir.), cert. denied, 539 U.S. 960 (2003); People v. Patterson, 217 Ill. 2d 407, 841 N.E.2d 889, 899-900 (2005); People v. Whiting, 365 Ill. App. 3d 402, 849 N.E.2d 125, 135 (2d Dist. 2006), appeal denied, ___ Ill. 2d ___, ___ N.E.2d ___ (Sept. 27, 2006). In accordance with Chapman, the burden would be on the prosecution to show that the error was harmless beyond a reasonable doubt. Chapman, 386 U.S. at 24; United States v. Dominguez Benitez, 542 U.S. 74, 81 n.7 (2004); Cossel v. Miller, 229 F.3d 649, 655 (7th Cir. 2000); Koeppen v. Smith, 2006 WL 2519201 *6 (E.D. Wis. Aug. 28, 2006); People v. Thurow, 203 Ill. 2d 352, 786 N.E.2d 1019, 1025 (2003); People v. Childs, 159 Ill. 2d 217, 636 N.E.2d 534, 542 (1994).

As to the failure to inform defendant before the verdict was returned, the Illinois Appellate Court placed the burden of showing harm on Crockett as the one responsible for preparing and preserving the record. Crockett I, 731 N.E.2d at 836. In light of the inconclusive nature of the record, the Illinois Appellate Court may have held in Crockett's favor if it had placed on the prosecution the burden of showing a lack of harm.

Nevertheless, there are a number of reasons why Crockett would not be entitled to habeas relief on this theory. While it is true that Crockett was not informed of the jury question prior to a verdict being reached, it is not true that the court made no attempt to contact defense counsel. The evidence was that the court instructed the deputy sheriff to notify both parties. See Crockett I, 731 N.E.2d at 829. The evidence of record did not establish why the deputy sheriff contacted the prosecution, but not defense counsel. Regardless of any fault in contacting defense counsel, the jury may have returned its verdict so quickly that it was unlikely that, even if they had been contacted promptly, the parties could have been convened and a response to the question drafted before the jury reached a verdict. Whatever may have transpired, though, a key fact is that the judge did attempt to contact defense counsel. That is not like the situation in Barragan-Devis, 133 F.3d at 1289, where the judge decided, without consulting the parties, that a jury

question did not need any response and therefore it was unnecessary to inform the attorneys that a question had been received.

Citing <u>Moore v. Knight</u>, 368 F.3d 936 (7th Cir. 2004), Crockett contends the lack of a sufficient record should not be held against him since the failure to timely inform him about the jury note prevented him from adequately developing the record. In <u>Moore</u>, however, the petitioner had the benefit of a presumption of prejudice, so the burden was on the state to provide evidence overcoming that presumption. <u>See</u> <u>id.</u> at 942-43. As is discussed above, here Crockett bore the burden of showing a lack of diligence in failing to inform him about the jury question.

Here, prior to the jury reaching a verdict, the judge attempted to inform defense counsel that a jury question had been received. Therefore, there was no error unless, prior to the jury reaching a verdict, the judge (or the prosecutor who also knew about the jury question) failed to act with reasonable diligence in informing defense counsel about the jury question. In other words, the lack of diligence is part of the error itself, not merely an aspect of whether the failure to inform was harmless. Since Crockett did not make an adequate showing of lack of diligence, it was proper for the Illinois Appellate Court

to hold that there was no error prior to the jury reaching a verdict.

Even if the failure to actually inform defense counsel prior to the return of the verdict was itself error, Crockett could not here succeed on a claim that the Illinois Appellate Court incorrectly determined the error was harmless. Crockett never raised in the Illinois courts that the Illinois Appellate Court incorrectly applied harmless error analysis. In his petition for leave to appeal to the Illinois Supreme Court, he argued that he had an absolute right to be informed about the note and have the jury instructed regarding "abet." He did not make any argument that the Illinois Appellate Court improperly applied harmless error analysis by placing a burden on him to show a lack of diligence. Crockett also did not pursue any post-conviction relief raising such an issue. Therefore, even if Crockett's present petition should be construed as raising an issue as to the harmless error burden, that issue would be procedurally defaulted.

While a failure to follow Supreme Court precedent regarding harmless error can be a basis for federal habeas corpus relief, see Mitchell v. Esparza, 540 U.S. 12, 16 (2003), raising such an issue in a federal habeas corpus petition also requires that the error have a "substantial and injurious effect or influence in determining the jury's verdict." Aleman, 320 F.3d

at 690 (quoting Brecht v. Abrahamson, 507 U.S. 619, 623 (1993)); Inthavong v. Lamarque, 420 F.3d 1055, 1059-60 (9th Cir. 2005), cert. denied, 125 S. Ct. 1660 (2006). See also Beardslee v. Woodford, 358 F.3d 560, 588-89 (9th Cir.), cert. denied, 543 U.S. 842 (2004) (applying Brecht standard to habeas corpus claim that defendant was not informed a question had been received from the jury). In a federal habeas corpus case, the petitioner bears the burden of showing a substantial and injurious effect or influence. Aleman, 320 F.3d at 690; Lowery v. Anderson, 225 F.3d 833, 840-41 (7th Cir. 2000), cert. denied, 532 U.S. 959 (2001); Beardslee, 358 F.3d at 590 ("[t]he district court properly held that Beardslee failed to demonstrate prejudice").

Crockett is not entitled to relief on his claim that he was denied a fair trial in that, prior to a verdict being reached, he was not informed that the jury had asked a question about the use of "abet" in a jury instruction.

Crockett also contends that he is entitled to relief on his claim that, after the verdict was reached, he should have been promptly informed that a jury question had previously been received. As was held by the Illinois Appellate Court, it was a violation of Crockett's right to a fair trial for the trial court to fail to inform him, even after a verdict had been returned, that a note had been received. Crockett, 731 N.E.2d at 837. Potentially, that harmed Crockett because it prevented him from

having the fullest possible opportunity to obtain evidence showing that, prior to the jury reaching a verdict, there had been an unreasonable delay in attempting to contact defense counsel regarding the jury question  The Illinois Appellate Court held that the record did not support that Crockett's investigation of this issue was harmed by the delay because, following defense counsel's discovery of the note, counsel had several months to investigate before any hearing was held. Crockett disagrees.  He contends that he was harmed because people's memories, including memories of jurors, would have become stale by the time Crockett's attorney knew there was an issue to investigate.  He was prevented from determining with any precision: (a) the time between the jury question and reaching a verdict; (b) the circumstances of why he was not contacted by either the judge (through a deputy sheriff) or the prosecutor who was timely informed about the note; and (c) the possible effects on the jury's deliberations.

As to this issue, the Illinois Appellate Court did not place the burden on Crockett to show a lack of harm from the failure to inform him even after the verdict was returned. Instead, the Illinois Appellate Court found that the evidence before the court only supported that the error was harmless.

> In this case, however, in spite of this violation of the defendant's right to be informed by the trial court, we must conclude that the

> error was harmless. The record is clear that the
> defendant in fact discovered the note before he
> made his motion for a new trial, which would
> point to the actual discovery of this note well
> within the thirty-day period following the
> verdict. The record is further clear that the
> motion was not argued until several months later,
> giving the defendant ample time and opportunity
> to investigate and make a record of the
> circumstances prevailing at the time the jury
> question was sent.

Crockett I, 731 N.E.2d at 836.

This finding of the Illinois Appellate Court is presumed correct and can only be overcome by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); United States ex rel. McGee v. Schomig, 2003 WL 23162426 *7 (N.D. Ill. July 25, 2003); United States ex rel. Bailey v. Gilmore, 1999 WL 199635 *5 (N.D. Ill. April 5, 1999), aff'd by unpublished order, 221 F.3d 1338 (7th Cir. 2000), cert. denied, 532 U.S. 910 (2001). Crockett's speculation as to testimony he might have obtained had he been informed earlier is insufficient to overcome the presumption that the Illinois Appellate Court correctly found that being informed earlier would not have resulted in the discovery of additional material information. Crockett does not contend that now providing him with a hearing would enable him to make a clear and convincing showing to the contrary.

Crockett is not entitled to relief on his claim that he should have been informed of the jury's question shortly after

the jury reached a verdict.  Crockett's habeas corpus petition will be denied in its entirety.

IT IS THEREFORE ORDERED that Alan Uchtman is substituted for Eugene McAdory as the respondent in this case.  The Clerk of the Court shall amend the docket, including the title of the case, to reflect the change of party.  The Clerk of the Court is directed to enter judgment in favor of respondent and against petitioner denying the petition for a writ of habeas corpus.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED:  OCTOBER  19, 2006